# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0747-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANTHONY F. ANGUILLA,
a/k/a ANTHONY FAUOSTO
ANGUILLA, and ANTHONY
E. ANGUILLA,

     Defendant-Appellant.

_____

Submitted February 25, 2020 – Decided March 18, 2020

Before Judges Hoffman and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 10-03-0322.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney for respondent (Joie D. Piderit,

Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Anthony F. Anguilla appeals from a July 9, 2018 Law Division order denying his petition for post-conviction relief (PCR) alleging ineffective assistance of counsel without an evidentiary hearing. We affirm.

I.

Defendant sexually abused his stepdaughter Alice[1] when she was eight years old and continued until she was seventeen years old. In March 2010, a Middlesex Grand Jury returned an indictment charging defendant with first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a) (counts one and two); second-degree sexual assault, N.J.S.A. 2C:14-2(b) (counts three and four); second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (counts five and six); and first-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(3) (count seven).

Defendant's first trial in 2011 resulted in a hung jury. On July 10, 2012, the retrial resulted in an acquittal of all counts except for one count of second-degree sexual assault (count three). On July 17, 2012, the trial court conducted

---

[1] We use a fictitious name to protect the identity of the victim.

an in camera proceeding with a juror regarding concerns about the verdict in the presence of the assistant prosecutor and defense counsel. The in camera proceeding did not reveal any improper conduct. The juror had some misgivings about the verdict but stated there was no misconduct during the jury's deliberations.

On December 14, 2012, defendant was sentenced to a seven-year term of imprisonment subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. We affirmed defendant's conviction and sentence on May 27, 2015. State v. A.F.A., No. A-2156-12 (App. Div. May 27, 2015) (slip op. at 1-2). We incorporate, by reference, the facts stated in our prior opinion.

On October 27, 2017, defendant filed a pro se petition for PCR. The court appointed counsel to represent defendant, and counsel filed a brief in support of the petition, alleging ineffective assistance of trial counsel.

On July 9, 2018, the PCR court heard oral argument on the petition and denied relief in an oral opinion and a confirmatory written order. During oral argument, the PCR judge noted his difficulty in ruling on defendant's PCR petition in the absence of trial transcripts, and stated he could not recall the specifics of the trial, which he presided over seven years earlier. Nonetheless,

3

the court determined that defendant had not been denied the effective assistance of counsel, and an evidentiary hearing was not required.

Defendant appeals and raises the following arguments:

POINT ONE

MR. ANGUILLA IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO CHALLENGE THE FRESH COMPLAINT AND CSAAS[2] WITNESSES AND INSTRUCTIONS.

POINT TWO

THE PCR COURT ERRONEOUSLY RULED THAT MR. ANGUILLA'S PETITION WAS PROCEDURALLY BARRED.

POINT THREE

THIS MATTER MUST BE REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MR. ANGUILLA'S PRO SE CLAIMS.

Based upon our review of the record, we are convinced that defendant's arguments are entirely without merit. We affirm the denial of PCR substantially for the reasons stated by the PCR court in its oral opinion. We add the following.

---

2 Child Sexual Abuse Accommodation Syndrome (CSAAS).

II.

"A petitioner must establish the right to [post-conviction] relief by a preponderance of the credible evidence."  State v. Preciose, 129 N.J. 451, 459 (1992) (citing State v. Mitchell, 126 N.J. 565, 579 (1992)).  To sustain that burden, the petitioner must set forth specific facts that "provide the court with an adequate basis on which to rest its decision."  Mitchell, 126 N.J. at 579.

A defendant must prove two elements to establish a PCR claim that trial counsel was constitutionally ineffective:  first, "that counsel's performance was deficient[,]" that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[;]" second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); accord State v. Fritz, 105 N.J. 42, 52, 60-61 (1987).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  State v. Harris, 181 N.J. 391, 432 (2004) (quoting Strickland, 466 U.S. at 694).

To prove the first element, a defendant must "overcome a 'strong presumption' that counsel exercised 'reasonable professional judgment' and 'sound trial strategy' in fulfilling his responsibilities."  State v. Nash, 212 N.J.

518, 542 (2013) (quoting State v. Hess, 207 N.J. 123, 147 (2011)). To prove the second element, a defendant must demonstrate "how specific errors of counsel undermined the reliability of the finding of guilt." United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

PCR courts are not required to conduct evidentiary hearings unless the defendant establishes a prima facie case and "there are material issues of disputed fact that cannot be resolved by reference to the existing record . . . ." R. 3:22-10(b). "To establish such a prima facie case, the defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997). Speculative assertions are insufficient to establish a prima facie case of ineffective assistance of counsel. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Applying these well-settled standards of review, we affirm the PCR judge's denial of defendant's petition.

The PCR court found that defendant's attempt to re-argue the fresh complaint evidence and CSAAS expert testimony was barred under Rule 3:22-5 because defendant raised these issues on direct appeal. In that appeal, defendant argued that, "[i]n this delayed disclosure case, the delivery of a fresh complaint instruction, which told the jurors that testimony about Alice's belated

disclosures was admitted in order to negate any inferences from her assumed silence that the offense did not occur," deprived him of his rights to due process and a fair trial. We determined that the issue raised on appeal was invited error and was not clearly capable of producing an unjust result under Rule 2:10-2. Defendant raised no objection to the admission of fresh complaint evidence at trial or to the substance of the jury charge on this issue. Therefore, we concluded that defendant tacitly acknowledged Alice made the disclosure "within a reasonable time after the alleged assault," citing State v. R.K., 220 N.J. 444, 455 (2015).

Rule 3:22-5 provides that "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule . . . ." Therefore, a prior adjudication of any issue, particularly those addressed on direct appeal, will ordinarily bar PCR. Harris, 181 N.J. at 494. The PCR court aptly found the fresh complaint testimony argument was procedurally barred under Rule 3:22-5 because we already addressed it.

In addition, the PCR court rightly determined that we found the jury charge on fresh complaint evidence and CSAAS did not constitute error. Therefore, the PCR court correctly found that defendant was precluded by Rule

3:22-5 from relitigating his claims on fresh complaint evidence and CSAAS. Moreover, the PCR court noted that defendant failed to show how trial counsel's conduct prejudiced defendant.

The PCR court pointed out that defendant's petition was devoid of any certification to support his claims. We find no merit to defendant's claim that the in camera interview of the juror who came forward after the verdict espoused some injustice warranting reversal. The PCR court, which was also the trial court, was satisfied the subject juror did not present any evidence of taint or bias. In addition, the PCR court was satisfied the verdict was fair and impartial because the juror reported no misconduct by any of the other jurors.

We are convinced there is sufficient credible evidence in the record to support the PCR court's denial of defendant's PCR petition as barred by Rule 3:22-5.

III.

Lastly, defendant argues that the matter should be remanded to the PCR court because the judge did not address the claims asserted in his pro se petition. Defendant argues the PCR court did not make findings of fact or conclusions of law under Rules 3:22-11 and 1:7-4(a) relative to his claims.

In addition to the claims we already addressed, defendant argues that his trial counsel provide ineffective assistance by failing to: (1) call witnesses; (2) investigate adequately; (3) expose the victim's attempt at a recantation; (4) present alibi evidence; (5) move for a mistrial; (6) argue adequately at sentencing; and (7) object to Rule 404(b) evidence that sexual abuse took place in Brooklyn.

Defendant also seeks relief based upon alleged prosecutorial misconduct and insufficient evidence to support the verdict. Defendant's PCR counsel did not address these pro se arguments presented by defendant before the PCR court at oral argument.

We decline to address those arguments because defendant raises them for the first time on appeal. See State v. Robinson, 200 N.J. 1, 20 (2009) (citing Nieder v. Royal Indem. Ins., 62 N.J. 229, 234 (1973)). Moreover, on the merits, our careful review of the 2012 trial record provides sufficient evidence to support the verdict.

Defendant further contends that the PCR court abused its discretion by ruling on his petition without an evidentiary hearing. However, a hearing was not required in this matter because defendant failed to present a prima facie case of ineffective assistance of counsel. See Preciose, 129 N.J. at 462. Furthermore,

defendant has not shown "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. He was unable to demonstrate the required prejudice. Defense counsel's performance resulted in a not guilty verdict on six of seven counts.

Our Supreme Court has directed that a hearing should be conducted only if there are disputed issues as to material facts regarding entitlement to PCR that cannot be resolved based on the existing record. State v. Porter, 216 N.J. 343, 354 (2013). We conclude that no evidentiary hearing was required here.

Any arguments asserted by defendant that we have not addressed are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0747-18T4